UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA RAY HAZELTON,<br><br>　　　Petitioner,<br><br>v.<br><br>MICHAEL BURGESS,<br><br>　　　Respondent. | Case No.　25-cv-11734<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING MOTION TO STAY
PROCEEDINGS (ECF NO. 2)**

　　　Joshua Ray Hazelton is a state inmate in the custody of the Michigan Department of Corrections. (ECF No. 1, PageID.1).　Hazelton was convicted of three counts of first-degree criminal sexual conduct, among other offenses, in the Macomb Circuit Court. (*Id.*).　Hazelton petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the validity of his state convictions. (*Id.*).　Hazelton simultaneously filed a motion to stay his federal habeas proceedings, so that he can return to the state courts and exhaust additional claims before proceeding with his federal petition. (ECF No. 1, PageID.4; ECF No. 2).　For the reasons that follow, the Court will grant his motion to stay.

I

1

I.     **Background**

Following his state court conviction, Hazelton was appointed appellate counsel who filed a direct appeal on his behalf. (ECF No. 1, PageID.1–2). His appellate brief raised a single claim. (*Id.*). The claim asserted that the trial court did not give Hazelton a meaningful opportunity to present allocution at sentencing. (*Id.*). The Michigan Court of Appeals denied leave to appeal. *People v. Hazelton*, No. 367838, 2023 Mich. App. LEXIS 7983 (Mich. Ct. App. Nov. 6, 2023).

Hazelton then filed a *pro se* application for leave to appeal in the Michigan Supreme Court. (ECF No. 1, PageID.2). He claimed to have raised three new issues in his appeal: (1) ineffective assistance of counsel during pretrial proceedings, (2) ineffective assistance of counsel during plea negotiations, and (3) failure of the trial court to remain unbiased. (*Id.*). The Michigan Supreme Court denied leave to appeal. *People v. Hazelton*, 513 Mich. 1047 (2024) (Table).

II.    **Legal Standard**

State prisoners must exhaust all remedies available in state court before they can petition a federal court for habeas relief. *See* 28 U.S.C. §§ 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Hazelton indicated his intent to raise all the claims he presented to the Michigan Supreme Court in his federal petition.

2

He correctly noted, though, that presenting them only to the Michigan Supreme Court did not satisfy the exhaustion requirement, (ECF No. 1, PageID.2). *See Castille v. Peoples*, 489 U.S. 346, 349–50 (1989). Hazelton still has a potential state procedure available to satisfy the exhaustion requirement via a motion for relief from judgment and appeal. *See* Mich. Ct. R. 6.500 et seq.

A federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings with respect to unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *Id*. at 275–76.

Here, dismissal of the case would pose statute of limitations concerns. Hazelton filed the present case about one-month before expiration of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(A). Hazelton also asserted "good cause" for his previous failure to raise his new claims before the Michigan Court of Appeals. (ECF

3

No. 1, PageID.3). Namely, Hazelton claimed ineffective assistance of his appointed appellate counsel; that is, because his appellate counsel did not obtain all of the trial transcripts, Hazelton did not have the right to a full and fair appeal. (*Id.*). Finally, the unexhausted claims raise cognizable issues and therefore are not plainly meritless. For these reasons, the Court concludes that a stay is warranted here to permit Hazelton an opportunity to exhaust his claims.

*** 

Accordingly, the Court will **GRANT** the motion to stay proceedings (ECF No. 2).

The Court **ORDERS** that Hazelton must file a motion for relief from judgment in the trial court within 60 days of this order. If the motion is denied, Hazelton must then raise his claims in both the Michigan Court of Appeals and Michigan Supreme Court in the manner provided under Michigan law.

The Court further **ORDERS** that within 60 days of fully exhausting his state court remedies, Hazelton must return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order. *See, e.g., Wagner v. Smith*, 581 F.3d 410, 411 (6th Cir. 2009). If Hazelton fails to comply with any of these conditions, the Court may dismiss his

petition and/or rule only on his currently exhausted claim. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

    SO ORDERED.

Dated: June 20, 2025                      s/Robert J. White  
                                                       Robert J. White  
                                                         United States District Judge